UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEX VALDES, on behalf of
himself and all others similarly situated,

    Plaintiff,

v.                                                      CASE NO.:

SP PLUS LLC,

    Defendant.
_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ALEX VALDES, on behalf of himself and all others similarly situated, hereby sues Defendant, SP PLUS LLC (hereinafter "Defendant"), and states as follows:

### INTRODUCTION

This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.* ("FLSA") to recover wrongfully retained tips by Defendant by its operation of an illegal tip pool, liquidated damages, and unpaid wages owed to Plaintiff, and all other current and former employees of Defendant who are similarly situated.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, ALEX VALDES, is an adult and a resident of Pasco County, Florida.

4. Defendant, SP PLUS LLC, is a Foreign Limited Liability Company authorized and doing business in this Judicial District.

5. Defendant is an employer within the meaning of 29 U.S.C. of § 203(d), and subject to the Fair Labor Standards Act.

6. Plaintiff was an employee of Defendant's pursuant to 29 U.S.C. § 203(e)(2), Defendant was Plaintiff's employer within the meaning of 29 U.S.C. § 203(d), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## FACTUAL ALLEGATIONS

7. Defendant SP Plus LLC, delivers mobility solutions that enable the

efficient and time-sensitive movement of people, vehicles, and personal travel belongings. Relevant to this action, Defendant manages parking for aviation, commercial, hospitality, and institutional clients throughout North America and Europe.

8. One of several services offered by Defendant to its clients is valet parking. At all times material to this case, Plaintiff worked for Defendant as a valet attendant from approximately January 2021 to October 23, 2025 at the Moffit Cancer Center complex in Tampa, Florida.

9. Plaintiff was a full-time employee compensated on an hourly basis plus tips distributed from a tip pool operated by Defendant.

10. Plaintiff was required to contribute all tips received from customers for valet parking services to a tip pool. Each day, all valet attendants deposited their tips in a central box. At the end of the work day, Defendant distributed the tips based on hours worked.

11. Defendant routinely and as a matter of policy, openly distributed the tips from the tip pool each day among all valet parking attendants, and importantly, to supervisors and managers who do not customarily and regularly receive tips.

12. In allowing supervisors and manager to participate in the tip pool,

Defendant violated 29 U.S.C. § 203(m)(2)(B), which provides,

> An employer may not keep tips received by its employees for any purposes, including allowing managers and supervisors to keep any portion of employee's tips, regardless of whether or not the employer takes a tip credit.

13. Defendant employed numerous valet attendants who performed similar work as Plaintiff at numerous facilities throughout the state. In other words, Defendant employed and continues to employ similarly situated valet attendants statewide. For instance, at the Tampa Moffitt Cancer Complex alone, Defendant employs approximately 60 to 70 valet attendants who are subject to Defendant's tip pooling policy.

14. Defendant is aware that its tip pooling policy violates the FLSA, as several valet parking attendants have voiced their concern with the policy. Despite these objections, Defendant has refused to change its tip pool policy. As a result of Defendant's willful violation of the FLSA's tip pool provisions, Plaintiff, and all other similarly situated valet attendants throughout the state, have been wrongfully denied tips they have earned and to which they are rightfully entitled to.

15. Plaintiff has retained the services of Florin | Gray and is obligated to pay his legal counsel a reasonable fee for their services.

## COUNT I
## (FAIR LABOR STANDARDS ACT – TIP POOL VIOLATION)

16. Plaintiff, ALEX VALDES, re-alleges paragraphs 1 through 15 as though set forth fully herein.

17. Plaintiff was regularly denied tips rightfully earned through Defendant's operation of its illegal tip pool.

18. By allowing managers and supervisors to participate in its tip pool, Defendant confiscated tips earned by Plaintiff and those similarly situated to him, which remain due and owing, in violation of 29 U.S.C. § 203 (m)(2)(B).

19. At all times material, Defendant failed to comply with the FLSA, in that Plaintiff should have been paid all tips to which he was entitled through the operation of a legal tip pool.

20. Defendant's operation of an illegal tip pool was open, intentional, and willful.

21. As a direct and legal consequence of Defendant's unlawful acts, Plaintiff has suffered damages and has incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

22. As a result, pursuant to 29 U.S.C. § 216(e)(2), Plaintiff is entitled to

all tips earned and rightfully owed, liquidated damages, and recovery of attorneys fees and costs.

WHEREFORE, Plaintiff prays for:

(a) all legal and equitable relief allowed by law including judgment against Defendant for all owed tips and liquidated damages;

(b) prejudgment interest;

(c) post-judgment interest;

(d) payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

(e) adjudication on the merits of the case; and

(f) such other relief as the court may deem just and proper.

## COUNT II
## (FAIR LABOR STANDARDS ACT - COLLECTIVE ACTION)

23. Plaintiff, ALEX VALDES, re-alleges paragraphs 1 through 15 as though set forth fully herein.

24. The claim for violation of the FLSA is brought pursuant to 29 U.S.C. § 216(b) for all claims asserted by Plaintiff, on behalf of himself and all others similarly situated, because Plaintiff's claims are similar to the claims of

the members of the prospective class.

25. At all times material, Defendant failed to comply with 29 U.S.C. § 201 et seq., in that it illegally confiscated tips earned by and owed to Plaintiff, and individuals similarly situated to him, through its operation of an improper tip pool.

26. Plaintiff alleges violations of the FLSA on behalf of himself and all persons who were, are, or will be employed by Defendant in the valet attendant position, or similar positions, throughout the state of Florida during the applicable statute of limitations, who are or have been regularly denied tips earned though Defendant's operation of its illegal tip pool in violation of the FLSA.

27. The putative class members are current, former, and future valet attendants of Defendant who are or have been regularly denied tips earned though Defendant's operation of its illegal tip pool in violation of the FLSA during the last three (3) years of their employment.

28. Treatment of this case as a collective action is proper because all putative class members were subject to the same policies and practices by Defendant related to the work performed by Plaintiff and others similarly situated.

29. The names and addresses of the putative class members are available from Defendant for the purpose of providing notice to prospective class members in a form and manner to be approved by the Court.

30. Defendant's failure to pay such similarly situated individuals their earned tips was intentional and willful.

31. As a direct and legal consequence of Defendant's unlawful acts, individuals similarly situated to Plaintiff have suffered damages and have incurred, or will incur, costs and attorneys' fees in the prosecution of this matter.

WHEREFORE, Plaintiff, ALEX VALDES, individually and on behalf of all others similarly situated, respectfully requests all legal and equitable relief allowed by law including:

    (a)    Designation of this action as a collective action on behalf of Plaintiff and all others similarly situated;

    (b)    Judgment against Defendants for unpaid tips, violations, liquidated damages, and prejudgment interest;

    (c)    Payment of reasonable attorneys' fees and costs incurred in the prosecution of this claim;

    (d)    An adjudication on the merits of the case; and

    (e)    Such other relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

32. Plaintiff, ALEX VALDES, on behalf of himself and all others similarly situated, demand a trial by jury.

Dated this 13th day of January, 2026.

FLORIN | GRAY

/s/ Miguel Bouzas
**MIGUEL BOUZAS, ESQ.**
Florida Bar No.: 48943
Primary: mbouzas@floringray.com
Secondary: gina@floringray.com
**WOLFGANG M. FLORIN, ESQ.**
Florida Bar No.: 907804
Primary: wflorin@floringray.com
Secondary: tina@floringray.com
16524 Pointe Village Drive
Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942

*Trial Attorneys for Plaintiff*